"But to my daughters such part as I have here particularly (617) devised, and such share as shall fall to them according to the meaning and intention of my will aforesaid, I do hereby declare *Page 486 
it as my intention that they have the use and benefit thereof during theirnatural life, and then to descend to the heirs of their bodies, if any; ifnot any heirs, then to their lawful heirs."
The widow enjoyed the slaves during her life, and after her death a division was made among the remaindermen by themselves and the executors; and the slave, the subject of the present action, was allotted as the share of the plaintiff's wife, and taken into possession by the plaintiff. The wife afterwards died, having had only one child, which died before her; and thereupon the other children of the testator claimed the slave, and the defendant took possession under their title. Upon this case his Honor,Judge Toomer, at ROBESON, on the last circuit, gave judgment for the plaintiff, and the defendant appealed.
The only point in the cause has so recently been before the Court, in the case of Ham v. Ham, 1 Dev. Bat. Eq. Cas., 598, that it is unnecessary to refer in support of the judgment to any other authority. We then looked into all the cases in the books within our reach and felt obliged to hold that in such dispositions of personal chattels as this, the entire property vests in the first taker. When there is a gift of personalty to one and his heirs, or to one for life and then to the heirs of his body, or to his heirs generally, although the term "heirs" is inappropriate as a word of limitation of such property, yet the Court is obliged to receive it in that sense, because it cannot be rejected altogether, and because no other certain or probable meaning can be given to it. There are no means of ascertaining whether the testator meant the chattel to go over to the heirs, properly speaking, or to the executor, or to the children, descendants or next of kin, or if either of the two latter, in what (618) proportions the persons composing those classes should take, that is to say, in families, or per capita, or as under the statute of distribution. With this uncertainty as to the objects of the testator's bounty, and as to the extent of their interests, the words cannot be regarded as designating definitively any particular persons, or as doing more than denoting that they are to take, whoever they may be, in succession from, and not merely after, the first taker. If the subject here had been land, the daughter would unquestionably have the fee; and we think less than the entire property in the slave will not satisfy the words, if they are to be retained, and the Court is not at liberty to blot them out. The judgment must therefore be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Donnell v. Mateer, 41 N.C. 9; Worrell v. Vinson, 50 N.C. 94;King v. Utley, 85 N.C. 61; Leathers v. Gray, 101 N.C. 164. *Page 487